# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS SELL** | : | **CIVIL ACTION** |
| v. | : | NO. 10-109 |
| **MICHAEL J. ASTRUE,** | : | |
| **Commissioner of Social Security** | : | |

## MEMORANDUM OPINION

Savage, J.                                                                  December 22, 2010

In this review of the denial of disability insurance benefits, we are called upon to determine whether the administrative law judge ("ALJ") exceeded the scope of the district court's remand order and whether her decision is supported by substantial evidence. The Commissioner has filed objections to the report and recommendation of Magistrate Judge Timothy Rice who recommended that the denial of benefits be reversed.

Contrary to the Commissioner's objection, Judge Rice did not reweigh the evidence. Instead, he reviewed the complete record for the purpose of determining whether there was substantial evidence to support the ALJ's findings. Although we disagree with Judge Rice on the remand issue, we adopt his comprehensive recitation of the procedural and medical histories, and agree with his well-reasoned analysis of the treating physician rule in the context of this case. Thus, we shall adopt his recommendation, reverse the ALJ's decision, and remand this action for calculation of benefits.

Dennis Sell suffered extensive vascular and nerve damage to his right leg as the result of a combat wound inflicted in the Vietnam War. He later developed post-traumatic stress disorder arising from his combat experiences. His right lower leg was ultimately

amputated in 1995 after repeated unsuccessful vascular reconstruction procedures over the years.  In the interim, especially during the relevant period, the Veterans Administration ("VA") increased his disability rating twice.  In 1969, he was rated at 40% disabled; in 1982, the rating was increased to 70%; and the following year, it was increased to 100%.

Sell's quest for benefits began in August, 1995 when he first applied for benefits for the period beginning on April 15, 1980 and ending on December 31, 1985.  Since Sell first applied for benefits, there have been four hearings before administrative law judges, a remand to an administrative law judge by the Appeals Council, two remands by different district judges, and three reports and recommendations issued by magistrate judges.  The administrative law judges have consistently ruled against Sell, and two district judges have found those decisions flawed.  Once again, the district court is asked to review an administrative law judge's decision denying benefits.

After finding that the ALJ had erred in giving only probative weight to the VA's disability determination, District Judge Thomas M. Golden remanded the case "for the ***sole*** purpose of giving the VA's finding that Plaintiff was 100% disabled during the relevant period 'substantial' rather than merely 'probative' weight."  (emphasis added).  He also ordered that in the event the Commissioner rejected the VA's determination, she "must give a detailed explanation for rejecting that determination." *Sell v. Barnhart*, No. 05-6589, 2007 WL 966513, at *5 (E.D. Pa. March 28, 2007).

Judge Golden's remand order was specifically limited.  It called for a reevaluation or reconsideration of the record evidence while giving substantial weight to the VA disability determination.  The order did not invite a *de novo* hearing or the reception of any new medical or vocational evidence.

Because Judge Golden left the door open for the Commissioner to reject the VA's determination did not mean that the ALJ was free to hold a new hearing. Had he contemplated a *de novo* hearing, he would have ordered one. His memorandum opinion and order gave explicit instructions regarding the scope of the remand.

An agency must strictly adhere to a remand order in its administrative proceedings. Deviation from the remand mandate constitutes legal error, requiring reversal on judicial review. *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989); *Thompson v. Barnhart*, No. 05-395, 2006 WL 709795, at *11 (E.D. Pa. March 1, 2006). The Sixth Circuit articulated this principle in *Mefford v. Gardner*, 383 F.2d 748, 758 (6th Cir. 1967). It said:

> [O]n the remand of a case after appeal, it is the duty of the lower court, or the agency from which appeal is taken, to comply with the mandate of the court and to obey the directions therein without variation and without departing from such directions; and that after a cause has been determined on appeal, the court or agency from which the appeal is taken is without power to open or modify the judgment or order of the appellate court, or to alter or relieve from the precise fulfillment of a specified condition on which the effect of the appellate judgment is made to depend. Moreover, if the cause is remanded with specific directions, further proceedings in the trial court or agency from which appeal is taken must be in substantial compliance with such directions; and if the cause is remanded for a specified purpose, any proceedings inconsistent therewith is error.

*Id*.

Sell contends that the ALJ erred in conducting a *de novo* hearing on remand. At the hearing, his attorney objected to the ALJ's calling and taking testimony from a new medical expert and a vocational expert. This testimony, she argued, was outside the scope of the remand order. We agree.

The ALJ disregarded or misinterpreted the scope of Judge Golden's remand order.

At the outset of the hearing on remand, she stated that "the purpose of the hearing today will then be to take testimony from Dr. Rothkopf and Dr. Baine." When Sell's counsel pointed out that Judge Golden had limited the remand, the ALJ defined her role as "giving the VA opinion as to disability substantial weight and then once that is done to decide whether or not that Decision can be overcome by any other evidence in the record, and to give a detailed explanation if that is the case." Nowhere in his opinion or in his order did Judge Golden task the ALJ with finding evidence to "overcome" the VA determination.

In her decision, the ALJ explained why she had called Dr. Rothkopf as a medical expert. She wrote, "[t]estimony from a medical expert was needed to clarify the nature and severity of the claimant's impairments under Social Security law and regulations in view of the remote period at issue." *See* ALJ Decision at 2 (June 16, 2007). She reiterated, "in order to make a more informed and detailed analysis of this issue [VA determination], the testimony of a medical expert was secured and the documentary evidence of record was revisited." *Id*. at 6. Thus, the ALJ, by her own admission, went beyond the evidence of record and considered the additional testimony of a medical expert.

The mandate was to revisit the evidentiary record. It did not include taking new testimony of another medical expert. Furthermore, despite her stated reason for calling Dr. Rothkopf, the ALJ did not ask him any questions relating to the VA disability determination. His testimony upon which the ALJ relied to deny Sell's claim once again did not touch, directly or indirectly, on the VA rating. Indeed, the ALJ did not ask Dr. Rothkopf a single question regarding the implications of the VA determination nor ask him to consider it in reaching his opinions. Yet, she used Dr. Rothkopf's testimony to conclude that the VA disability findings, "while accorded substantial weight, are not controlling," and

4

then depended on Dr. Rothkopf's opinions to deny benefits.

The ALJ exceeded the scope of the remand order. In doing so, she committed error. Excising the testimony of Dr. Rothkopf and all references to it in the ALJ's reasoning, we conclude, as did Judge Rice, that there is no substantial evidence to support a determination contrary to Sell's treating physician's opinion and the VA disability determination. Thus, Sell is entitled to benefits.

In her decision, the ALJ says one thing, but does another. Even though the ALJ recites the magic words "substantial weight" in referencing the VA determination, she does not explain how she did that. On the contrary, her treatment of that evidence was cursory. She merely points out the differences between the VA and the Social Security disability standards.

Even if it were within the contemplation of the remand order to consider the additional testimony of a medical expert, reliance on Dr. Rothkopf's testimony was unwarranted because there was insufficient evidence to support it. There was nothing in the record to justify relying upon Dr. Rothkopf's testimony while ignoring that of Sell's treating physician, Dr. Thomas McCullough.

A treating physician's opinions are entitled to substantial and, in some cases, controlling weight. *Johnson v. Comm'r of Social Security*, 529 F.3d 198, 202 (3d Cir. 2008) (citing *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001)). However, where those opinions are not supported by "medically acceptable clinical and laboratory diagnostic techniques" or are inconsistent with other substantial evidence, they are not entitled to controlling weight. *Id*. The treating physician's opinions should be given "great weight, 'especially when the opinions reflect expert judgment based on a continuing observation

of the patient's condition over a prolonged period of time.'" *Brownawell v. Comm'r of Social Security*, 554 F.3d 352, 355 (3d Cir. 2008) (quoting *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000)). Where the treating physician's opinions conflict with a non-treating, non-examining physician's, the ALJ may choose to accept the latter so long as she does not ignore the findings that support the treating physician's opinion and there is contradictory medical evidence. *Morales*, 225 F.3d at 317. When she rejects the treating physician's opinion, the ALJ must adequately explain her reasons for doing so. *Sykes v. Apfel*, 228 F.3d 259, 266 (3d Cir. 2000).

The ALJ did not apply these guiding principles in assessing the medical evidence. She gave inappropriate weight to Dr. Rothkopf's testimony, relying on it to "overcome" the VA disability determination and Dr. McCullough's opinion. There was no evidentiary basis for doing so.

Dr. McCullough had seen and treated Sell throughout and after the relevant period, 1980 - 1985. Dr. Rothkopf, on the other hand, did not examine Sell at any time before, during, or after the period. Instead, he relied on what he and the ALJ characterized as "sparse records" for that time.

Dr. Rothkopf's testimony was punctuated with caution and doubt. At the beginning, he referred to the record as "unbelievable" in its lack of clarity and organization. He conceded that he was unable to determine what some of the notations were in the records and was unsure of what the authors meant. For example, he made the following comments:

- "As far as I can tell"
- ". . . again, I'm stuck because I don't see any exhibit numbers anywhere

6

>   . . . plus I think it says - I don't know what it says frankly. I can't read it."

- "I'm not sure exactly what they're talking about. It's difficult to tell here. I'm not sure what clinic I'm in here."

- "I really am having a difficult time with the handwriting."

- "It probably means . . ."

- " . . . as far as I can tell."

Describing Sell's condition, he qualifies his characterization. He says, "as far as I can tell most of what's going on here is pain and swelling."

Commenting on the significance of Sell's vascular disease in response to the ALJ's question, Dr. Rothkopf said:

> Well, he seems to have trouble whenever he is up on it for any significant degree, and even when you were treating it, it tended to swell up and cause him pain, and he had a very short ability to walk and a very short ability to stand. *That's the best* I can tell from the - from the progress notes, to the extent, Your Honor, that I can actually read them. I am sure *I'm missing* some of the things in here because *I'm missing* half the words. (*emphasis added*).

Another deficiency in the reliability and weight of Dr. Rothkopt's opinion is his inability to address the totality of Sell's clinical picture. Although the VA took into consideration both Sell's medical and psychiatric conditions in making its disability determination, Dr. Rothkopf did not include the psychiatric component in his analysis. Making it clear that he was not taking any psychiatric issues into account, he stated, "I'm not really competent to comment on [post-traumatic stress disorder] at all. It's way outside my - my field." Although Sell's case had previously been remanded to another ALJ by the Appeals Council to consider the psychiatric problem, the ALJ here did not factor it into her

analysis. Consequently, Dr. Rothkopf's incomplete and qualified evaluation of Sell's condition based upon a record he could not entirely understand cannot support a rejection of the VA disability determination and Sell's treating physician's opinion.

**Conclusion**

The ALJ exceeded the scope of the remand order by receiving evidence from a new medical expert who did not address the issue to be considered on remand. Even if receiving new medical expert testimony was appropriate, it was not entitled to greater weight than Sell's treating physician's opinion in the context of this case. In short, the ALJ's decision is not supported by substantial evidence. Therefore, the Commissioner's denial of benefits will be reversed and the case remanded for the calculation of benefits.